|   |   |
|---|---|
| Justin Langford,<br><br>    Petitioner<br><br>v.<br><br>Nevada Supreme Court,<br><br>    Respondent | 2:17-cv-02736-JAD-NJK<br><br>**Order Dismissing Case** |

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Pro se petitioner and High Desert State Prison inmate Justin Langford petitions for a writ of mandamus/prohibition under NRS §§ 34.150–34.320 and seeks to have this federal district court overturn the Nevada Supreme Court's decision affirming his judgment of conviction. Langford's petition is riddled with defects.

First, Langford did not pay the filing fee, and he did not file an application to proceed *in forma pauperis*. Under 28 U.S.C. § 1914(a), the filing fee for "any civil action, suit or proceeding . . . whether by original process, removal or otherwise," except for an application for a writ of habeas corpus, is $350.00, to which is added a $50.00 administrative fee. Langford did not file an application for a writ of habeas corpus in this action; he filed a petition for a writ of mandamus or prohibition. The filing fee therefore is $400.00. The Prisoner Litigation Reform Act[1] allows the court, on application, to permit Langford to pay the $400.00 fee in installments even if he currently is not able to pay the entire fee. But Langford did not pay the fee or file an application to proceed *in forma pauperis* to pay the fee in installments, so this action has been improperly commenced.

Second, this federal court does not have jurisdiction over an action brought

---

[1] 28 U.S.C. § 1915.

against the Supreme Court of Nevada. Langford may not proceed directly against the State of Nevada or an arm of the State—such as a state supreme court—in federal court due to the state sovereign immunity under the Eleventh Amendment.[2] State sovereign immunity bars an action against the State or an arm of the State in federal court regardless of the relief sought.[3]

Third, a federal district court does not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, prohibition, and/or an exercise of supervisory jurisdiction.[4] If Langford wishes to seek collateral review in federal court of his conviction, he must timely file a petition for a writ of habeas corpus.

Fourth, to the extent that petitioner challenges his judgment of conviction other than through a habeas petition, his civil action is barred under *Heck v. Humphrey*.[5] An inmate may not pursue claims that necessarily challenge the validity of a conviction in a civil action other than a federal habeas action.[6]

And fifth, the petition fails to state a claim upon which relief may be granted under federal law. Nevada state statutes do not apply to determine the mandamus authority of a federal district court.

Given the multiple, substantial defects presented, this improperly commenced action will be dismissed without prejudice. It appears that the one-year limitation period for a federal habeas petition could have began to run, at the very

---

[2] *See, e.g., O'Connor v. State of Nevada*, 686 F.2d 749 (9th Cir. 1982).

[3] *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101–02 (1984).

[4] *See, e.g., Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

[5] *Heck v. Humphrey*, 512 U.S. 477 (1994).

[6] *Id.*

earliest, on September 25, 2017.⁷ Accordingly, the mere dismissal of this action will not result in a later federal habeas petition being untimely or otherwise result in substantial prejudice, because substantial time remains in the federal limitation period at the time of this dismissal for petitioner to file a timely federal petition.

Accordingly, IT HEREBY IS ORDERED that this action is **DISMISSED**. If Langford wants to try again and seek post-conviction relief in federal district court, he may do so in a petition for a writ of habeas corpus after he exhausts all administrative remedies.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**, as reasonable jurists would not find the dismissal of this improperly-commenced action without prejudice to be debatable or wrong.

The Clerk of Court is directed to **SEND** to Langford two copies of a noncapital § 2254 form along with one copy each of the instructions for the form and Langford's original petition in this matter.⁸

---

⁷ I take judicial notice of the content of the online dockets of the state district court and state appellate courts. *E.g.*, *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012). The Supreme Court of Nevada affirmed Langford's judgment of conviction on June 27, 2017, in No. 70536 in that court. The time period to file a *certiorari* petition in the United States Supreme Court expired ninety days later on September 25, 2017. Under 28 U.S.C. § 2244(d)(1)(A), the federal limitation period would expire one year later on September 25, 2018, absent a basis for tolling or delayed accrual. A timely state post-conviction petition or other state-court proceeding seeking collateral review would statutorily toll the limitation period under § 2244(d)(2). Petitioner filed, among other things, a motion to correct illegal sentence prior to the state supreme court's affirmance on direct appeal, and his motion for reconsideration of the denial of that motion was pending as of October 31, 2017.

⁸ Nothing in this order directs Langford to file any papers in this or any other court, as he at all times remains responsible for timely seeking appropriate relief in an appropriate court in the circumstances presented in his case.

The **Clerk of Court** is directed to **CLOSE THIS CASE**.

DATED: November 1, 2017.

_____
Jennifer A. Dorsey
United States District Judge